IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Susan L. SCHUSTER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Susan L. SCHUSTER, Respondent.

Supreme Court

*No. 03–1935–D. Decided October 28, 2003.*

2003 WI 135

(Also reported in 670 N.W.2d 545.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Susan L. Schuster and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12.[1] As part of the stipulation Attorney Schuster admits to engaging in professional misconduct involving the use of her office trust account, failing to take steps reasonably practicable to protect a client's interest, and making misrepresentations in a disclosure to the OLR. The parties stipulated that as a sanction for the misconduct Attorney Schuster's license to practice law in Wisconsin be suspended for 90 days and that, upon reinstatement of her license, she be required to submit quarterly trust account records to the OLR for review for a period of two years.

¶ 2. We approve the stipulation and conclude that the seriousness of Attorney Schuster's misconduct warrants a 90–day suspension of her license to practice law.

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

We also agree that it is appropriate to impose conditions upon Attorney Schuster's practice following her reinstatement.

¶ 3. Attorney Schuster was admitted to practice law in Wisconsin in March of 2000 and practices as a sole practitioner in Stoughton. She has not previously been the subject of a disciplinary action.

¶ 4. In July 2003 the OLR filed an order to answer and complaint. The complaint alleged four counts of misconduct related to Attorney Schuster's use of her client trust account and two counts of misconduct related to her representation of a client in a custody and child support matter.

¶ 5. On August 23, 2003, Attorney Schuster and the OLR entered into a stipulation whereby Attorney Schuster admitted the facts and misconduct alleged by the OLR in its complaint. The OLR's complaint alleged, and Attorney Schuster admitted, that she deposited personal funds into her trust account and paid both personal and business expenses out of the trust account, in violation of SCR 20:1.15(a);[2] that she wrote

---

[2] SCR 20:1.15(a) provides:

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the

38

checks on her client trust account when she did not have sufficient funds on deposit to cover them, and that she wrote checks to both herself and payable to "cash" without determining the clients to whom the funds were attributable, in violation of SCR 20:8.4(c);[3] that she withdrew fees from her client trust account without first obtaining her clients' consent, in violation of SCR 20:1.15(d);[4] and that she failed to create and maintain the required trust account records, including a receipts and disbursements journal, a subsidiary ledger for each

lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

[3] SCR 20:8.4(c) provides: "Misconduct. It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[4] SCR 20:1.15(d) provides:

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

client, and a reconciliation of the subsidiary ledgers to the monthly bank statements, in violation of SCR 20:1.15(e).[5]

¶ 6.  The OLR's complaint also alleged, and Attorney Schuster admitted, that she engaged in misconduct with respect to her representation of a client in a custody and child support matter. The client signed an agreement to pay Attorney Schuster an advance fee of $1500 against which hourly fees of $150 per hour would be drawn. The agreement provided that Attorney Schuster would bill the client on a monthly basis and it also provided that the client understood that the failure to make payments was sufficient reason for Attorney Schuster to withdraw as counsel. Contrary to the fee agreement Attorney Schuster did not routinely send

---

[5] SCR 20:1.15(e) provides:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

the client monthly billing statements. Instead Attorney Schuster would call the client when she wanted a fee payment and would tell the client how much she expected the client to pay.

¶ 7. The $1500 advance fee covered Attorney Schuster's services for the client through early December 2001. Attorney Schuster prepared a bill covering the period from September 14, 2001, through December 13, 2001, showing that as of December 13, 2001, the client owed Attorney Schuster $91.25. As of January 8, 2002, Attorney Schuster's subsequent billing statement showed that the client owed a balance of $1004.75. On January 29, 2002, the client sent Attorney Schuster a check for $500. Attorney Schuster's subsequent billing statements failed to credit the client for this payment.

¶ 8. Between March 2002 and June 2002 the client made four additional payments to Attorney Schuster totaling $1250. These payments were credited to the client on the billing statements subsequently provided by Attorney Schuster to the OLR. At a pretrial conference held on May 16, 2002, the court scheduled a trial to begin on Friday, October 4, 2002. In a June 5, 2002, letter to Attorney Schuster the OLR staff pointed out Attorney Schuster's apparent failure to credit the client with the $500 payment in January 2002. The OLR requested a written response from Attorney Schuster.

¶ 9. On June 21, 2002, despite the OLR's inquiry, Attorney Schuster sent the client billing statements for April and May 2002 failing to credit the client with the $500 payment. In a cover letter Attorney Schuster informed the client she needed to make a $700 payment no later than July 3, 2002. In a June 28, 2002, letter to the OLR staff Attorney Schuster acknowledged that she had made an error on the client's bill and on July 1,

2002, Attorney Schuster sent the client a letter informing her of the oversight. The corrected balance the client then owed Attorney Schuster was $840.

¶ 10. Attorney Schuster stated she had telephone conversations with the client in July and August 2002 regarding payment of outstanding fees and she said the client promised to make payments but failed to do so. On September 24, 2002, Attorney Schuster telephoned the client and informed her if she did not make an additional fee payment, Attorney Schuster intended to withdraw as the client's counsel prior to the October 4, 2002, trial. The client promised to make a payment as soon as she received her next paycheck on September 27, 2002.

¶ 11. On September 25, 2002, Attorney Schuster wrote to the court, with a copy to opposing counsel and the guardian ad litem, listing five issues to be resolved at the October 4 trial, including attorney fees. On Friday, September 27, 2002, one week before the scheduled trial, the client met Attorney Schuster in a parking lot and gave her a $500 money order. The client said at no time during the meeting did Attorney Schuster indicate she intended to withdraw from the case. Attorney Schuster denied to the OLR that she met with the client on September 27 and denied receiving a $500 money order. The client provided the OLR with a copy of a $500 money order payable to Attorney Schuster dated September 27, 2002.

¶ 12. After sending a copy of the money order to Attorney Schuster, along with the OLR's investigative report, the OLR investigator was contacted by Attorney Schuster's counsel who requested a cancelled copy of the money order. The OLR subpoenaed and obtained the cancelled $500 money order which showed that Attorney Schuster had endorsed it and that it had

cleared the credit union on October 3, 2002, the day before the client's trial. Only after receiving this evidence did Attorney Schuster acknowledge she had received the $500 from the client.

¶ 13.  Despite receiving the $500 payment Attorney Schuster prepared a "notice of withdrawal as attorney," which she dated September 27, 2002. The notice cited the client's failure to substantially fulfill an obligation to the attorney, as set forth in an accompanying affidavit, as the basis for the withdrawal.

¶ 14.  Attorney Schuster claimed to have mailed the notice of withdrawal to the client on September 27, 2002, asserting the client had a full week to retain new counsel. Contrary to Attorney Schuster's assertion the affidavit attached to the notice of withdrawal was not notarized until September 30, 2002, so the notice could not have been mailed on September 27. Attorney Schuster subsequently admitted she had not mailed the notice of withdrawal on September 27. Attorney Schuster hand-delivered the notice and affidavit to the circuit court on Monday, September 30, 2002. She claimed the circuit court clerk told her that a motion hearing would be scheduled for Wednesday, October 2, 2002. When the court issued a motion hearing notice it gave the motion date as Thursday, October 3.

¶ 15.  The client's first notice of Attorney Schuster's withdrawal was through a telephone message left by Attorney Schuster on the client's answering machine at 6:40 p.m. on Monday, September 30, 2002. The notice of Attorney Schuster's withdrawal and accompanying affidavit were personally served on the client the following day, October 1, 2002. Attorney Schuster appeared in circuit court on October 2, 2002. The judge signed an order permitting withdrawal from

the case. Attorney Schuster made no effort to contact the client about seeking a continuance of the trial.

¶ 16.  On October 3, 2002, Attorney Schuster received a recommendation from the guardian ad litem that was highly relevant to the client's trial. Attorney Schuster did not contact the client or attempt to provide her with a copy of the guardian ad litem's recommendation prior to the trial. Pursuant to the hearing notice she had received the client appeared at the courthouse on October 3 and learned that the judge had signed an order the day before permitting Attorney Schuster's withdrawal from the case. All parties and counsel except for Attorney Schuster appeared for the October 4, 2002, trial. The guardian ad litem and four witnesses were also present. Upon learning of the scheduling confusion the court vacated its order allowing Attorney Schuster to withdraw. The court granted a continuance to allow the client time to retain new counsel. On October 7, 2002, pursuant to a directive from the court, Attorney Schuster sent the client a copy of her file. On October 8 the judge signed a new order permitting Attorney Schuster to withdraw.

¶ 17.  In the stipulation Attorney Schuster admits that by notifying the client four days prior to the trial that Attorney Schuster was withdrawing from representation, without discussing with the client whether she wanted to seek a continuance of the trial and without providing the client with a copy of her file upon termination of representation, Attorney Schuster violated SCR 20:1.16(d).[6] Attorney Schuster also admits

---

[6] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing

that by falsely stating in writing to the OLR that the client had failed to meet with Attorney Schuster on September 27, 2002, and had failed to make a $500 payment when in fact Attorney Schuster had received and cashed a $500 money order from the client dated September 27, 2002, and by falsely stating to the OLR that she had mailed the notice of her intention to withdraw to the client a full week in advance of the trial when the evidence demonstrated that she did not mail a notice to the client on that date, Attorney Schuster admits that she violated SCR 22.03(6).[7]

¶ 18.   The parties agree that an appropriate level of discipline to impose in response to Attorney Schuster's misconduct is a 90–day suspension of her license to practice law in Wisconsin. The parties also agree that, upon reinstatement of her Wisconsin law license, Attorney Schuster be required to submit quarterly trust account records to the OLR for review for a period of two years.

¶ 19.   We approve the parties' stipulation and adopt the stipulated facts set forth therein. We also impose the stipulated discipline.

¶ 20.   IT IS ORDERED that the license of Susan L. Schuster to practice law in Wisconsin is suspended for a period of 90 days effective December 2, 2003.

time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[7] SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

¶ 21.   IT IS FURTHER ORDERED that Susan L. Schuster comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 22.   IT IS FURTHER ORDERED that upon reinstatement of Wisconsin law license Susan L. Schuster submit quarterly trust account records to the OLR for review for a period of two years.