In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Susan L. SCHUSTER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Susan L. SCHUSTER, Respondent.

Supreme Court

*No. 2005AP2567–D. Decided March 7, 2006.*

2006 WI 21

(Also reported in 710 N.W.2d 458.)

¶ 1. PER CURIAM. We review a stipulation filed by Attorney Susan L. Schuster and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12 regarding Attorney Schuster's professional misconduct concerning the use and maintenance of her client trust account. The stipulation provides that Attorney Schuster committed professional misconduct as set forth in six separate counts, which are described below. As discipline for this misconduct, the parties stipulate to the imposition of a nine-month suspension. The parties further stipulate that Attorney Schuster be required to disburse to her clients any remaining trust account funds, that she close her trust accounts during the term of her suspension, and that for a period of two years following any reinstatement, Attorney Schuster is to submit quarterly trust account records to the OLR for its review and audit.

¶ 2. We approve the stipulation and adopt the stipulated findings of fact and conclusions of law. We agree that the seriousness of Attorney Schuster's misconduct warrants the imposition of a nine-month suspension of her license to practice law in Wisconsin. We also agree with the stipulation's recommendation that Attorney Schuster be required to disburse the funds remaining in her trust accounts and to close those accounts during her suspension. Finally, we agree that for a period of two years following any reinstatement of Attorney Schuster's license, she must submit quarterly trust account records for the OLR's review and audit.

¶ 3. The current disciplinary proceeding grew out of the OLR's review of Attorney Schuster's trust account practices following a prior proceeding. In the previous case, Attorney Schuster admitted that she had deposited personal funds into her trust account, had paid both personal and business expenses out of the trust account, had written checks on the trust account when there were insufficient funds, had written checks payable to "cash" from the trust account, had failed to create and maintain required trust account records, had failed to notify a client four days prior to trial that she was withdrawing from the representation, and had made misrepresentations to the OLR regarding her withdrawal from the representation. As a sanction for this misconduct, the court imposed a 90–day suspension of Attorney Schuster's license to practice law. *See In re Disciplinary Proceedings Against Schuster,* 2003 WI 135, 266 Wis. 2d 36, 670 N.W.2d 545. This suspension was Attorney Schuster's only prior discipline since her admission to practice in March 2000.

¶ 4. Attorney Schuster's license was reinstated on April 20, 2004. In the reinstatement order, the court required that for a period of two years Attorney Schuster must submit quarterly trust account records to the OLR. The OLR subsequently provided information to Attorney Schuster regarding the proper procedures for maintaining a client trust account. .

¶ 5. When Attorney Schuster submitted preliminary trust account records for the first accounting period following reinstatement (December 1, 2003 through May 31, 2004), the OLR discovered multiple violations of the rules governing trust accounts. For example, the records showed that Attorney Schuster had made disbursements to herself from funds allegedly attributable to a specific client after that client's trust

funds had in fact been depleted, thereby improperly drawing on other clients' trust funds. Attorney Schuster also failed to provide ledgers for individual client funds within her trust account. Attorney Schuster's records also showed that she maintained what she labeled a "maintenance ledger," which was a catch-all category that included client funds but failed to identify how much money was being held for which client. Attorney Schuster's records initially showed that her opening balance as of December 1, 2003 was $1970.46, which she attributed to the "maintenance ledger."

¶ 6. After the OLR called Attorney Schuster's attention to the numerous problems with her trust account and requested supplemental information, Attorney Schuster submitted additional and amended records. She provided individual ledgers for six clients showing a total of $2186 on deposit as of December 1, 2003, although the reconciled balance on deposit in the account was only $1970.46. Attorney Schuster's records demonstrated that individual client ledgers carried negative balances at various times.

¶ 7. The OLR attempted to recreate Attorney Schuster's trust account records from the documents she had submitted, but could not do so because of continuing problems with Attorney Schuster's documentation. The OLR again advised Attorney Schuster how to create and maintain proper trust account records and requested that Attorney Schuster submit corrected records for the first accounting period.

¶ 8. Attorney Schuster subsequently provided a third set of records for the first accounting period. These corrected records showed individual ledgers for an additional eight clients that Attorney Schuster had previously omitted. Attorney Schuster's ledgers, how-

ever, remained inaccurate because they differed from the transactions shown on her deposit slips, check copies and check stubs.

¶ 9. In September 2004 Schuster submitted records for the second accounting period of June 1, 2004 through August 31, 2004. These records again showed transactions that differed from those shown on Attorney Schuster's deposit slips, check copies and check stubs, as well as other inaccuracies. Attorney Schuster also did not provide individual ledgers for five clients with funds or negative balances in the trust account. Although the individual client ledgers she submitted showed a total balance larger than the actual balance in her trust account, Attorney Schuster gave the OLR a reconciliation that included only some of the individual client ledgers and lumped the remaining funds in her "maintenance ledger." Attorney Schuster did not provide a copy of this "maintenance ledger."

¶ 10. After the OLR opened a new investigative file in December 2004, Attorney Schuster admitted that she had not kept complete and accurate trust account records.

¶ 11. Attorney Schuster then submitted allegedly corrected records for the prior accounting periods. The revised client ledgers for the first accounting period showed that there should have been $3631 in the trust account as of December 1, 2003, but that the actual balance had been only $2070.46, creating a deficit of $1561.04. This deficit increased to $1958.04 as of the end of the first accounting period on May 31, 2004.

¶ 12. The records also showed that between December 1, 2003 and May 31, 2004, Attorney Schuster wrote six trust account checks to herself when the clients whose funds she was allegedly withdrawing did not have sufficient funds in trust to cover the checks. In

addition, Attorney Schuster deposited fee payments into her trust account when those fees had already been earned and billed. She then withdrew those fee payments from the trust account.

¶ 13. The corrected records showed that the deficit in her trust account between what should have been there and what actually was there grew to $2235.04 as of the end of the second accounting period on August 31, 2004. During that period, Attorney Schuster wrote a trust account check for $270 to herself for a specific client when there were insufficient trust funds to cover that amount. Indeed, Attorney Schuster's check stub demonstrated that she knew there were no trust funds for that client at the time she wrote the check. Attorney Schuster also failed to provide the OLR with a billing statement showing that the client actually owed $270 at the time Attorney Schuster wrote the check. On at least two occasions during this second accounting period, Attorney Schuster deposited earned fees into her trust account. She wrote a total of five checks to herself when the relevant clients had no funds or insufficient funds in the account to cover the checks.

¶ 14. As of the end of the third accounting period, November 30, 2004, the deficit in Attorney Schuster's trust account had grown to $5141.29. Attorney Schuster failed to submit to the OLR all of the individual client ledgers for this time period. For example, she did not produce a ledger for a client that had a $100 balance in the trust account since December 2003. Although that client's case had been dismissed in May 2004, Attorney Schuster did not return the client's money until April 2005.

¶ 15. As of February 28, 2005, there was still a deficit in Attorney Schuster's trust account, although it had fallen to $2583.04. During this fourth accounting

period, Attorney Schuster ran out of pre-printed trust account checks and began to use checks that were not pre-printed or pre-numbered. When Attorney Schuster finally ordered new trust account checks, they failed to identify the account as a client trust account. During this period, Attorney Schuster also wrote two checks payable to "Cash." One of these checks was for a client whose ledger showed a negative balance at the time.

¶ 16. In February 2005, Attorney Schuster allegedly deposited $2500 of her personal funds into her trust account to make up the deficit. However, it appears that these "personal" funds came from a $3270 trust account check that Attorney Schuster had written to herself the previous day. That check had created a negative balance in one client's account and had withdrawn more money from other clients' accounts than Attorney Schuster's billing statements showed she was owed.

¶ 17. During the fifth accounting period, from March 1, 2005 through May 31, 2005, Attorney Schuster again deposited an earned fee of $135 into her trust account, which she withdrew the same day. She also, however, made restitution payments to the trust account that appeared to cover the deficit in the account. At the time of those restitution payments, all of the client ledgers showed positive balances. Less than three weeks later, however, Attorney Schuster again wrote a $1000 trust account check to herself when the client had no funds in the trust account. This $1000 deficit remained through the end of the accounting period on May 31, 2005. Attorney Schuster's records show that she did repay the $1000 into the trust account on June 13, 2005.

¶ 18. On the basis of the facts set forth above, the OLR and Attorney Schuster stipulate that Attorney

Schuster committed six violations of the Supreme Court Rules of Professional Conduct. Count One states that Attorney Schuster failed to create and maintain complete and accurate records of trust account funds, including individual client ledgers and accurate reconciliation reports, in violation of former SCR 20:1.15(e)[1] (now set forth in SCR 20:1.15(f)). Count Two states that by submitting to the OLR incomplete and false ledgers and falsified account reconciliations, Attorney Schuster willfully failed to furnish requested documents and made misrepresentations to the OLR, in violation of SCR 22.03(6).[2] Count Three states that by

---

[1] Former SCR 20:1.15(e) applies to misconduct committed prior to July 1, 2004. It provided:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[2] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant infor-

depositing earned fees into her trust account, Attorney Schuster commingled personal funds with client funds in her trust account, in violation of former SCR 20:1.15(a)[3] (now set forth in SCR 20:1.15(b)). Count Four states that Attorney Schuster engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c),[4] when she made multiple payments to herself out of trust accounts funds to which she was not entitled and caused a deficit in her trust account for most of 2004 and the first quarter of 2005. Count Five states that Attorney Schuster violated current SCR 20:1.15(e)(4)a.,[5] by writing two checks from her trust account payable to "Cash." Finally, Count Six states that by using trust account checks that were not pre-printed and pre-numbered and by using checks that did not indicate they were for a client trust account, Schuster violated current SCR 20:1.15(f)(1)e.[6]

---

mation, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[3] Former SCR 20:1.15(a) provided in pertinent part that "[a] lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation . . . ."

[4] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[5] SCR 20:1.15(e)(4)a. states that "[n]o disbursement of cash shall be made from a trust account or from a deposit to a trust account, and no check shall be made payable to 'Cash.' "

[6] SCR 20.1.15(f)(1)e. entitled Disbursement records provides:

> 1. Checks. Checks shall be pre-printed and pre-numbered. The name and address of the lawyer or law firm, and the name of

¶ 19. With respect to the discipline to be imposed, the stipulation indicates that the OLR Director considered that Attorney Schuster and her accountant had voluntarily attended a trust account seminar given by the OLR, that Attorney Schuster did submit quarterly records and provided additional records at the OLR's request, that no clients complained concerning Attorney Schuster's trust account violations. The OLR Director also noted the fact that Attorney Schuster had a prior license suspension relating to misconduct involving her trust account, and that Attorney Schuster had admitted her violations.

¶ 20. The stipulation states that the terms were not bargained for or negotiated between the parties. Attorney Schuster admits to the factual statements and the conclusions of law regarding her misconduct. She also represents that she fully understands the misconduct allegations, she fully understands the ramifications should the court impose the stipulated level of discipline, she fully understands her right to contest the matter, she has consulted with and retained counsel, and her entry into the stipulation is made knowingly and voluntarily.

¶ 21. We adopt the parties' stipulated findings of fact and conclusions of law concerning Attorney Schuster's professional misconduct. We agree that the seriousness of Attorney Schuster's misconduct warrants the suspension of her license to practice law in Wisconsin for a period of nine months. We also agree that Attorney Schuster must disburse to her clients any

the account shall be printed in the upper left corner of the check. Trust account checks shall include the words "Client Account," or "Trust Account," or words of similar import in the account name. Each check disbursed from the trust account shall identify the client matter and the reason for the disbursement on the memo line.

remaining trust account funds and close her trust accounts during her suspension. Finally, we agree that for a period of two years following any reinstatement of Attorney Schuster's license to practice law, she must be required on a quarterly basis to submit trust account records for the OLR's review and audit.

¶ 22. IT IS ORDERED that the license of Susan L. Schuster to practice law in Wisconsin is suspended for a period of nine months, effective April 11, 2006.

¶ 23. IT IS FURTHER ORDERED that Attorney Schuster comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 24. IT IS FURTHER ORDERED that, within fourteen days of the date of this order, Attorney Schuster disburse to the proper clients and third parties all remaining trust funds in her trust accounts and close all of her client trust accounts.

¶ 25. IT IS FURTHER ORDERERD that, in the event that her license to practice law is reinstated, for a period of two years following reinstatement, Attorney Schuster shall on a quarterly basis submit to the OLR her trust account records and all other documentation that the OLR requires to review and audit the trust account records.