IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Susan L. SCHUSTER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Susan L. SCHUSTER, Respondent.

Supreme Court

*No. 2007AP1758–D. Decided November 14, 2007.*

2007 WI 131

(Also reported in 741 N.W.2d 471.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Susan L. Schuster and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12. Attorney Schuster stipulates to the facts and misconduct alleged by the OLR and agrees to the discipline level the OLR seeks, a 90–day suspension of her license to practice law in Wisconsin. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Schuster's misconduct warrants a 90–day suspension of her license to practice law.

¶ 2. Attorney Schuster was admitted to the practice of law in Wisconsin in March 2000 and has practiced in Stoughton. Attorney Schuster has been disciplined on two prior occasions.

¶ 3. Effective December 2, 2003, this court suspended Attorney Schuster's law license for 90 days for misconduct related to numerous trust account violations, failing to notify her client until four days before trial that she was withdrawing from representation, and making false statements to the OLR. *See In re Disciplinary Proceedings Against Schuster*, 2003 WI 135,

266 Wis. 2d 36, 670 N.W.2d 545. Effective April 11, 2006, Attorney Schuster's license was suspended for nine months due to numerous trust account violations, and for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in making multiple payments to herself out of trust account funds to which she was not entitled. *See In re Disciplinary Proceedings Against Schuster*, 2006 WI 21, 289 Wis. 2d 23, 710 N.W.2d 458.

■

¶ 4. In the instant disciplinary matter, Attorney Schuster's misconduct consists of over-billing her client, D.L., by not showing proper credit for the client's payments and by overstating the amount due. Attorney Schuster stipulates that in September 2005, D.L. retained Attorney Schuster in her divorce proceeding and signed a fee agreement providing a $1,500 retainer against hourly fees of $200 per hour. D.L. paid $500 upon signing the fee agreement and promised to pay the remaining $1,000 by October 31. Attorney Schuster deposited the $500 payment to her client trust account. When D.L. was unable to pay the remaining $1,000 by October 31, Attorney Schuster agreed to accept weekly payments of $100 each. D.L. made four $100 payments during November. However, on December 9 Attorney Schuster sent D.L. a bill showing D.L. had made only two $100 payments. The bill erroneously stated an outstanding balance of $2,465; the correct balance was $2,265.

¶ 5. D.L. made four $100 payments during December and sent Attorney Schuster a detailed list of her prior payments. Attorney Schuster's January 18, 2006, billing statement failed to credit D.L. with any payments made in November 2005 and credited only $100 of the $400 D.L. had paid in December 2005. The bill indicated an incorrect outstanding balance of $2,645 when the correct balance was $1,945.

¶ 6.  In January 2006 Attorney Schuster's billing correctly credited three $100 payments received in January but continued to show an incorrect outstanding balance of $2,465 when the correct balance was $1,765. In February D.L. wrote to Attorney Schuster and sent a spreadsheet correctly showing that D.L. had paid $2,100 to Schuster, including $100 and $300 paid in February. Attorney Schuster wrote to D.L. and agreed with D.L.'s documentation. Nonetheless, a day later, D.L. received another inaccurate billing statement.

¶ 7.  On March 1, 2006, D.L. sent Attorney Schuster a $300 payment and payment information to correct the billing inaccuracies. On or about March 14, Attorney Schuster and D.L. met to review the payment history. On or about March 15, Attorney Schuster sent D.L. a revised billing statement and stated that Attorney Schuster had reviewed the payment information. Attorney Schuster stated that the invoices enclosed were correct and reflected payment information from D.L.'s documentation. Attorney Schuster added, "The current balance due is not $980.00 but is $2185.00 minus the $300.00 paid in March. That equals $1885.00 currently. Please review the invoices carefully. I am absolutely positive of this but am happy to discuss it with you at length."

¶ 8.  The revised billing statement was inaccurate because it omitted D.L.'S initial $500 payment deposited to Attorney Schuster's trust account in September 2005. It credited D.L. with only a $100 payment on February 2, 2006, although D.L. had paid $300. Also, it showed an outstanding balance of $2,185, although the correct balance was $1,285.

¶ 9.  On April 7, 2006, Attorney Schuster filed a motion for judgment, proposed judgment and affidavit in D.L.'s underlying divorce, asserting D.L. owed Attor-

ney Schuster $2,185 in outstanding legal fees when in fact only $1,285 was due. The circuit court found insufficient evidence to support the requested attorney fee.

¶ 10. During the OLR's investigation of D.L.'s grievance, the OLR obtained a payment schedule from Attorney Schuster showing she had received each payment D.L. had claimed to have made and for which Attorney Schuster failed to credit D.L.

¶ 11. The OLR filed a two count disciplinary complaint seeking a 90–day license suspension. Count I states that by submitting bills that repeatedly overstated the amounts of fees the client owed Schuster, and by failing to credit the client with payments when Attorney Schuster possessed the correct payment information, and by seeking a judgment for fees against the client based on inaccurate figures, Attorney Schuster engaged in conduct involving dishonesty, fraud, deceit and misrepresentation contrary to former SCR 20:8.4(c).[1] Count II states that by submitting a motion for judgment, proposed judgment and affidavit to the circuit court that falsely asserted that the client owed $2,185 and described that amount as being due as of "February 31, 2006" [sic], while intentionally failing to inform the court the client had made a $300 payment against the

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. See Supreme Court Order No. 04–07, 2007 WI 4, 293 Wis. 2d xv; and Supreme Court Order No. 06–04, 2007 WI 48, 297 Wis. 2d xlvii. Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

outstanding balance on March 1, 2006, Attorney Schuster knowingly made a false statement of fact to a tribunal, contrary to former SCR 20:3.3(a)(1).[2]

¶ 12. The OLR and Attorney Schuster stipulate to the violations alleged in the complaint and to a 90–day license suspension. Attorney Schuster verifies that she fully understands the misconduct allegations and the ramifications of the stipulated discipline. She stipulates that she understands her right to contest the matter and to consult with counsel. She further states that her entry into the stipulation is knowing and voluntary, and that it represents her admission to the misconduct charged and the level of discipline sought by the OLR.

¶ 13. We approve the stipulation. We adopt the findings of fact and conclusions of law to which the parties have stipulated concerning Attorney Schuster's professional misconduct. We determine the seriousness of Attorney Schuster's misconduct warrants the suspension of Attorney Schuster's license to practice law for 90 days.

¶ 14. IT IS ORDERED that the license of Susan L. Schuster to practice law in Wisconsin is suspended for a period of 90 days effective the date of this order.

¶ 15. IT IS FURTHER ORDERED that, to the extent she has not yet done so, Attorney Schuster comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[2] Former SCR 20:3.3(a)(1) states it is misconduct for a lawyer to knowingly "make a false statement of fact or law to a tribunal."