# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1274-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Thomas R. Napierala, Attorney at Law: |
| | |
| | Office of Lawyer Regulation,<br>   Complainant,<br> v.<br>Thomas R. Napierala,<br>   Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST NAPIERALA

| | |
|---|---|
| OPINION FILED: | October 25, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.    2017AP1274-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings**
**Against Thomas R. Napierala, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Thomas R. Napierala,**

      **Respondent.**

**FILED**

**OCT 25, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY   disciplinary   proceeding.   *Attorney   publicly reprimanded.*

¶1    PER CURIAM.   We review the report filed by Referee Kim M. Peterson, adopting a stipulation between the Office of Lawyer Regulation (OLR) and Attorney Thomas R. Napierala.   The referee agreed that Attorney Napierala committed three counts of misconduct, as alleged in the OLR's complaint.   The referee further agreed with the parties that a public reprimand is an appropriate   level   of   discipline   for   Attorney Napierala's misconduct, that Attorney Napierala should be ordered to pay restitution in the amount of $15,021.66 to a former client, T.A,

and should be assessed the full costs of the proceeding, which are $1,677.53 as of August 14, 2018.

¶2 After careful review of the matter, we conclude that the referee's findings of fact are supported by clear, satisfactory, and convincing evidence. We adopt the referee's conclusions of law. We agree that the appropriate discipline for Attorney Napierala's misconduct is a public reprimand, and we agree that Attorney Napierala should pay restitution to T.A., and bear the full costs of this proceeding.

¶3 Attorney Napierala was admitted to the practice of law in Wisconsin in 1990. He practices in Milwaukee. He has not previously been the subject of professional discipline.

¶4 On June 30, 2017, the OLR filed a three-count complaint against Attorney Napierala. Attorney Napierala filed an answer and this court appointed Referee Peterson.

¶5 On March 29, 2018, the parties submitted a stipulation in which Attorney Napierala withdrew his answer to the complaint, admitted the facts and misconduct alleged in the complaint, and authorized the referee to make findings of fact and conclusions of law based on these allegations. The parties stipulated that Attorney Napierala should be ordered to make restitution in the amount of $15,021.66 to T.A., and that a public reprimand was appropriate.

¶6 The referee filed her findings of fact, conclusions of law, and recommendation for discipline on July 26, 2018. The referee determined that the OLR had met its burden of proof with respect to the three counts of misconduct alleged in the

2

complaint, and recommends that we accept the stipulation. No appeal was filed so we consider this matter pursuant to Supreme Court Rule (SCR) 22.17(2).[1]

¶7 All three of the charges stem from Attorney Napierala's representation of a single client, T.A. In February 2012, T.A. retained Attorney Napierala and another attorney who worked in a different office to collaborate to challenge a mediation agreement and settlement in a Milwaukee case to which T.A. was a party. If the mediation agreement could be set aside, the lawyers were to proceed with litigation seeking to prove that T.A. was the biological son of T.J., and therefore entitled to inherit T.J.'s estate.

¶8 In March 2012, Attorney Napierala and T.A. entered into a fee agreement that disclosed Attorney Napierala's billing rate but did not state that Attorney Napierala would bill T.A. for services performed by non-lawyer staff or the rate at which those services would be billed. The complaint alleges that T.A. suffers from some cognitive impairment of which Attorney Napierala was aware, and that T.A. frequently sought legal

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

advice from Attorney Napierala on a number of diverse issues, many of which were unrelated to the mediation/settlement matter.

¶9 In November 2012, T.A., Attorney Napierala, and the other attorney executed an "Appellate Fee Agreement" wherein T.A. agreed that his counsel could withhold and "set aside" from an expected settlement, $25,000 for appellate litigation; each attorney would be paid a flat fee of $6,000 for this representation. The Appellate Fee Agreement provided that Attorney Napierala was to pay the other attorney a referral fee of one-third of the hourly fees Attorney Napierala earned for representing T.A. in this matter.

¶10 In practice, sometimes the other attorney would pay Attorney Napierala the total amount that Attorney Napierala was due at any given time, and Attorney Napierala would in turn write a check to the other attorney for the one-third referral fee. Sometimes, the other attorney would subtract the one-third referral fee before remitting payment to Attorney Napierala.

¶11 In a nutshell, Attorney Napierala failed to keep track of his billing and payments relating to his representation of T.A. He failed to diligently maintain records of payments he received from T.A., or from the other attorney on behalf of T.A., thereby causing Attorney Napierala at various times to bill T.A. for amounts beyond what Attorney Napierala was due.

¶12 Between approximately November 2012 and December 2014, Attorney Napierala overbilled and was overpaid by T.A. various amounts. It appears the greatest discrepancy existed in May 2014, when Attorney Napierala had been overpaid at least

4

$16,763.44. Attorney Napierala had also billed T.A. for non-lawyer services and various other legal or administrative advice for which T.A. did not authorize Attorney Napierala to incur fees.

¶13 The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to credit T.A. for all payments Attorney Napierala received from T.A.'s funds, and by failing to credit T.A. for all of the referral fees retained by the other attorney, Attorney Napierala billed T.A. for amounts that Attorney Napierala was not due, Attorney Napierala violated SCR 20:1.5(a)[2] (Count One).

¶14 The OLR complaint alleged, the parties stipulated, and the referee determined that by billing T.A. at Attorney Napierala's hourly rate for services that were not reasonably billable to T.A., Attorney Napierala again violated SCR 20:1.5(a) (Count Two).

¶15 The OLR complaint alleged, the parties stipulated, and the referee determined that by failing to communicate to T.A. at the beginning of the representation that Attorney Napierala intended to bill T.A. for services provided by Attorney Napierala's non-lawyer staff and the rate at which those services would be billed, Attorney Napierala violated SCR 20:1.5(b)(1)[3] (Count Three).

---

[2] SCR 20:1.5(a) provides: "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

[3] SCR 20:1.5(b)(1) provides:

(continued)

5

¶16 The referee considered the stipulation for a public reprimand, mindful of the need to consider the seriousness, nature, and extent of misconduct, the level of discipline needed to protect the public and the legal system from repetition of the misconduct, the need to impress on the attorney the seriousness of the misconduct, and the need to deter others from committing similar acts. See In re Disciplinary Proceedings Against Steinberg, 2007 WI 113, ¶20, 304 Wis. 2d 577, 735 N.W.2d 527.

¶17 The referee considered prior case law, aggravating and mitigating factors, and the ABA Standards for Imposing Lawyer Sanctions. In re Disciplinary Proceedings Against Arthur, 2005 WI 40, 279 Wis. 2d 583, 694 N.W.2d 910, see ABA Standards for Imposing Lawyer Sanctions, sec. 3.0 (1992) (stating that the

---

The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

[(2)] If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing.

court should consider the duty violated; the lawyer's mental state; potential or actual injury caused; and the existence of aggravating and mitigating factors, including prior discipline and a dishonest or selfish motive).

¶18 In this case, the referee agreed that a public reprimand was sufficient. As the referee observed, the misconduct is serious, but involved only one client matter, and this is the first time that Attorney Napierala has been disciplined in over 25 years of practice. The referee noted that it appears that the misconduct was not intentional, but resulted from a lack of attention to detail and failure to clearly delineate the various interests of the actors involved.

¶19 The referee opined that the case law supports the sanction of a public reprimand. In *In re Disciplinary Proceedings Against Schuster*, 2007 WI 131, 305 Wis. 2d 120, 741 N.W.2d 471, an attorney repeatedly submitted bills overcharging her client, failed to credit the client with payments made, and made false representations to a tribunal. Further, the attorney had been the subject of prior discipline on similar matters. The court ordered a 90-day suspension of the attorney's license. The referee reasoned that Attorney Napierala's misconduct is substantially less serious, he has no prior discipline, and there is no evidence of dishonesty or fraud.

¶20 The referee further recommends that the court order Attorney Napierala to pay the stipulated restitution to T.A., and that the court follow its general policy and impose the full costs of the proceeding on Attorney Napierala.

7

¶21 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶22 There is no showing that any of the referee's findings of fact are erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Napierala violated the supreme court rules set forth above. We accept the referee's recommendation that a public reprimand is an appropriate sanction for Attorney Napierala's misconduct. Although no two fact situations are identical, a public reprimand is generally consistent with the sanction imposed in somewhat analogous cases.

¶23 Finally, we agree that Attorney Napierala should be required to pay restitution to T.A. and shall pay the full costs of this proceeding, which are $1,677.53.

¶24 IT IS ORDERED that Thomas R. Napierala is publicly reprimanded for professional misconduct.

¶25 IT IS FURTHER ORDERED that within 60 days of the date of this order, Thomas R. Napierala shall pay restitution to T.A. in the stipulated amount of $15,021.66.

¶26 IT IS FURTHER ORDERED that within 60 days of the date of this order, Thomas R. Napierala shall pay to the Office of

Lawyer Regulation the costs of this proceeding, which are $1,677.53 as of August 14, 2018.

¶27 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶28 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.