# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP2946-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Suzanne M. Smith, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant-Respondent,<br>    v.<br>Suzanne M. Smith,<br>       Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST SMITH

| |
|---|
| OPINION FILED: |
| SUBMITTED ON BRIEFS: |
| ORAL ARGUMENT: |

| |
|---|
| SOURCE OF APPEAL: |
|   COURT: |
|   COUNTY: |
|   JUDGE: |

| |
|---|
| JUSTICES: |
|   CONCURRED: |
|   DISSENTED: |
|   NOT PARTICIPATING: |

ATTORNEYS:

For the respondent-appellant, there was a brief by *Suzanne M. Smith*, Burlington.


For the Office of Lawyer Regulation, there was a brief by *Julie M. Spoke*.

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.  2011AP2946-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Suzanne M. Smith, Attorney at Law:**

**Office of Lawyer Regulation,**

　　　　　**Complainant-Respondent,**

　　**v.**

**Suzanne M. Smith,**

　　　　　**Respondent-Appellant.**

**FILED**

**DEC 12, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1  PER CURIAM.  Attorney Suzanne M. Smith appeals the report of Hannah C. Dugan, referee, recommending discipline of a six-month license suspension, the imposition of costs, and restitution to the State Public Defender's Office (SPD) in the amount of $112.  The referee found that Attorney Smith committed 20 of the 22 charged counts of misconduct.  Nine of these counts were the subject of a stipulation entered into by the parties

and accepted by the referee shortly before the disciplinary hearing in this matter.

¶2 We adopt both the stipulated and the non-stipulated findings of fact and conclusions of law set forth in the referee's report. We conclude that the referee's reasoning with respect to discipline and restitution is persuasive. Accordingly, this court concludes that a six-month suspension of Attorney Smith's license to practice law in Wisconsin is an appropriate sanction for her violations. We further agree with the referee that Attorney Smith shall bear the costs of this disciplinary proceeding, which are $13,959.26 as of July 9, 2013, and shall reimburse the State Public Defender's Office in the amount of $112.

¶3 Attorney Smith was licensed to practice law in Wisconsin in 1995 and practices in Burlington. In 2009 Attorney Smith was publicly reprimanded for misconduct in three separate matters. The misconduct generally consisted of failing to act with reasonable diligence and promptness in representing a client, failing to communicate appropriately with a client, failing to abide by a client's decisions concerning the objectives of representation, and failing to provide competent representation. Public Reprimand of Suzanne M. Smith, No. 2009-17.

¶4 On December 22, 2011, the OLR filed a complaint against Attorney Smith. The complaint, as later amended in May 2012, consisted of some 182 separately numbered paragraphs describing 22 counts of misconduct in connection with Attorney

2

Smith's work on four matters. The complaint sought a six-month suspension of Attorney Smith's law license, as well as $112 in restitution to the SPD.

¶5 Attorney Smith filed answers to the complaint and the amended complaint in which she denied committing misconduct and requested the dismissal of the disciplinary action.

¶6 Shortly before the scheduled hearing, Attorney Smith entered into a partial stipulation in which she pled no contest to nine of the 22 charged counts of misconduct. The referee accepted the stipulation.

¶7 Following a two-day disciplinary hearing, the referee determined that the OLR had proven misconduct in 11 of the remaining 13 non-stipulated counts. The OLR does not appeal the dismissal of the two counts on which the referee found no misconduct; thus, these counts are not discussed herein.

¶8 The referee's report spans 45 single-spaced pages. The referee concluded that the record supported a total of 20 counts of misconduct. We do not repeat all of the factual findings and legal conclusions made by the referee, and instead provide the following summary of the referee's report.

Mr. and Mrs. C. Matter (Counts 1 through 3)

¶9 Three counts of professional misconduct involve Attorney Smith's representation of Mrs. C. in a divorce action between Mr. and Mrs. C. As part of the divorce proceedings, on November 2, 2009, Mr. C. gave Attorney Smith a check for $309.84 made payable to Attorney Smith's trust account. Also on November 2, 2009, Attorney Smith received a federal tax refund

3

check in the amount of $1,490.16 payable jointly to Mr. and Mrs. C. and endorsed by Mr. C. Attorney Smith was to deposit the funds from both checks into her trust account and pay a portion of Mr. and Mrs. C.'s 2008 real estate taxes from that account. However, the checks remained in Attorney Smith's desk drawer for several weeks; Attorney Smith did not deposit the $309.84 check into her trust account until December 31, 2009, and did not deposit the $1,490.16 check until January 19, 2010.

¶10 By April 2010 Attorney Smith still had not paid the designated trust account funds against Mr. and Mrs. C.'s 2008 real estate taxes. On April 20, 2010, Mr. C.'s attorney wrote to Attorney Smith to point out that the taxes remained unpaid. Attorney Smith did not respond.

¶11 Attorney Smith did not apply the funds toward Mr. and Mrs. C.'s 2008 real estate taxes until May 28, 2010. The delay in paying the taxes caused the county to assess $120 in additional interest and penalties against Mr. and Mrs. C.

¶12 Based on these facts, the referee determined that the following misconduct occurred:

- By failing to promptly deposit in her trust account the check from Mr. C. and the federal tax refund check payable jointly to Mr. and Mrs. C., Attorney Smith violated SCR 20:1.15(b)(1).[1]

---

[1] SCR 20:1.15(b)(l) provides as follows: Separate account.

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of

4

- By failing to promptly apply the funds at issue toward the 2008 property taxes owed by Mr. and Mrs. C., Attorney Smith violated SCR 20:1.15(d)(l).[2]

- By ignoring the inquiry from Mr. C.'s attorney as to the status of the trust account funds and by failing to render any written accounting of the trust property when she distributed the funds to the county treasurer, Attorney Smith violated SCR 20:1.15(d)(2).[3]

## T.H. Matter (Counts 4, 5, 6, and 8)[4]

¶13 In August 2008 T.H. retained Attorney Smith to represent her in a post-adjudication matter in a paternity case. During the course of this representation, Attorney Smith did not

---

clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[2] SCR 20:1.15(d)(l) provides: Notice and disbursement.

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[3] SCR 20:1.15(d)(2) provides: "Upon final distribution of any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property."

[4] The referee dismissed Counts 7 and 9——an outcome the OLR does not appeal.

5

timely respond to T.H.'s multiple requests for a bill. Attorney Smith also did not timely comply with the circuit court's instruction to prepare a final order reflecting the parties' eventual stipulation on all issues. T.H. informed Attorney Smith that due to Attorney Smith's delay in preparing a final order, T.H. was unable to prove her daughter's father's violations of certain terms of the custodial arrangement for her daughter. T.H. also asked Attorney Smith to send her a copy of the parties' signed stipulation; Attorney Smith never did so. When Attorney Smith eventually prepared a final bill for her work on T.H.'s case, the bill included an entry for attending and traveling to and from a circuit court hearing that Attorney Smith did not attend.

¶14 Based on these facts, the referee determined that the following misconduct occurred:

- By failing to timely prepare a final order implementing a stipulation of the parties, Attorney Smith violated SCR 20:1.3.[5]

- By failing to timely provide her client with a copy of the stipulation signed by the parties as her client requested, Attorney Smith violated SCR 20:1.4(a)(4).[6]

---

[5] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[6] SCR 20:1.4(a)(4) states that a lawyer shall "promptly comply with reasonable requests by the client for information; . . . ."

- By failing to timely provide her client with a copy of her bill for legal services despite repeated requests by her client, Attorney Smith violated SCR 20:1.5(b)(3).[7]

- By billing her client for an appearance and travel to and from a circuit court hearing that Attorney Smith did not attend, and by failing to timely correct her billing, Attorney Smith violated SCR 20:1.5(a).[8]

---

[7] SCR 20:1.5(b)(3) provides: "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

[8] SCR 20:1.5(a) provides as follows:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

M.T. Matter (Counts 10 through 17)

¶15 In July 2009 the SPD appointed Attorney Smith to represent M.T. regarding the possible revocation of M.T.'s extended supervision. Attorney Smith represented M.T. at a hearing at which M.T. stipulated to having engaged in conduct that violated the rules of his extended supervision. On September 30, 2009, the Administrative Law Judge (ALJ) issued a decision revoking M.T.'s extended supervision and returning him to prison for the remaining time available on his sentence. The ALJ's decision included information related to challenging the decision, first by an administrative appeal to be filed on or before October 15, 2009, with subsequent judicial review available by a writ of certiorari to be commenced within 45 days of the subsequent decision.

¶16 On October 15, 2009, Attorney Smith faxed, as an administrative appeal of the revocation decision, a one-and-a-half page letter to the Administrator of the Division of Hearings and Appeals. Attorney Smith did not append supporting materials.

¶17 On October 22, 2009, the Administrator of the Division of Hearings and Appeals issued an appeal decision that sustained the original decision and order of the ALJ. The decision included notice that to appeal the decision, a writ of certiorari action had to be commenced within 45 days. Attorney Smith agreed to seek a writ of certiorari on M.T.'s behalf.

¶18 Attorney Smith failed to file a petition for writ of certiorari on M.T.'s behalf before the December 7, 2009

8

deadline. When the SPD's office, after receiving a complaint from M.T., inquired with Attorney Smith about the status of the case, Attorney Smith blamed her delay in filing the petition on the fact that she had previously been unaware of where M.T. was housed within the correctional system.

¶19 Attorney Smith did not file the certiorari petition until July 22, 2010——well past the filing deadline. Attorney Smith failed to include certain necessary items with her filing, including a copy of the decision being challenged and either a filing fee payment or a signed prisoner's petition and affidavit of indigency. The office of the clerk of circuit court notified Attorney Smith of the deficiencies of her filing. Attorney Smith promised to provide the missing documentation, but never did so. Despite the deficiencies in her filing, Attorney Smith reported to M.T. that the writ had been filed.

¶20 In June 2011 Attorney Smith filed on M.T.'s behalf a Wis. Stat. § 974.06 motion to modify M.T.'s sentence. The motion did not include any statement of the relief requested. Although the motion stated that Attorney Smith would submit a brief explaining the grounds for the motion, Attorney Smith did not submit a brief. At a hearing on the motion, Attorney Smith told the circuit court that after she had filed the motion, the applicable law changed such that she needed to amend her motion. The circuit court ordered Attorney Smith to file an amended motion and a supporting brief, plus any necessary supporting affidavits. Although Attorney Smith advised the court she

9

expected to file the motion and brief within ten days, she failed to file an amended motion and brief.

¶21 Attorney Smith also failed to appear at the subsequent hearing scheduled to address the merits of the § 974.06 motion. On the morning of the hearing, Attorney Smith sent a text message to M.T.'s wife stating that she was sick and would have to reschedule the hearing. In response texts, M.T.'s wife urged Attorney Smith to attend the hearing. M.T.'s wife also asked whether Attorney Smith would notify the circuit court of her need to reschedule the hearing, and whether Attorney Smith thought M.T. would be allowed to speak at the hearing. Attorney Smith did not reply to these inquiries.

¶22 The hearing proceeded without Attorney Smith. The circuit court dismissed Attorney Smith's motion for sentence modification without prejudice because it failed to set forth the specific relief requested and failed to substantively discuss the applicable law. The circuit court gave Attorney Smith ten days to file a motion for reconsideration of the denial of the motion. Attorney Smith failed to file a motion for reconsideration.

¶23 Throughout her representation of M.T., Attorney Smith failed to respond to numerous inquiries from M.T. and his wife, made directly or relayed by the SPD's office, including requests to provide M.T. with a copy of the certiorari filing.

¶24 Attorney Smith also made various misrepresentations regarding the status of her work and the reasons for her delay in completing the work. She falsely told M.T. that from March

10

to May 2010, she had been too ill to file pleadings on his behalf. Attorney Smith appeared in court on behalf of numerous other clients during this time period, thereby disproving her representation that she was too ill to file pleadings. Attorney Smith also falsely told the office of the clerk of circuit court that she was in possession of the documents necessary to complete the deficient certiorari filing of July 22, 2010.

¶25 Attorney Smith also showed an inadequate level of cooperation and honesty during the OLR's investigation of her representation of M.T. During the OLR investigation, Attorney Smith failed to answer questions and furnish documents and information requested by the OLR, misrepresented to the OLR that she was unable to file the certiorari petition from March to May 2010 due to illness, and misrepresented to the OLR that certain documents she provided to the OLR had been ready to file in March 2010.

¶26 Based on these facts, the referee determined that the following misconduct occurred:

- By not being able to locate M.T. within the correctional system prior to December 2009, by not filing a petition for writ of certiorari in proper form with the documentation required by statute, and by filing a motion for sentence modification under Wis. Stat. § 974.06 so

deficient that the court summarily dismissed it, Attorney Smith violated SCR 20:1.1.[9]

- By failing to file a timely petition for writ of certiorari; by failing to seek relief for her client from the filing deadline for a writ of certiorari; by failing to follow up on reminders from the office of the circuit court clerk concerning missing documents needed to complete her certiorari petition filing; by failing to promptly file and diligently pursue her motion to modify M.T.'s sentence, despite being given an extended opportunity to file an adequate amended motion, a brief, and supporting affidavits; and by generally neglecting her representation of M.T., Attorney Smith violated SCR 20:1.3.[10]

- By repeatedly failing to adequately communicate with M.T., Attorney Smith violated SCRs 20:1.4(a)(3) and (4).[11]

- By failing to promptly explain the reasons she did not file a timely or proper petition for writ of certiorari, thereby preventing M.T. from making informed decisions

---

[9] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[10] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[11] SCRs 20:1.4(a)(3) and (4) state that a lawyer shall "(3) keep the client reasonably informed about the status of the matter;" and "(4) promptly comply with reasonable requests by the client for information; . . . ."

about the forms of relief available to him or his right to seek other representation, Attorney Smith violated SCR 20:1.4(b).[12]

- By failing to comply with the circuit court order to file an amended motion for sentence modification and supporting brief, Attorney Smith violated SCR 20:3.4(c).[13]

- By making misrepresentations to M.T., M.T.'s wife, and the staff of the SPD that a petition for writ of certiorari had been filed on behalf of M.T., when Attorney Smith knew the only filing she ever made was untimely, incomplete, and unacceptable; by falsely telling M.T. that from March to May 2010, she had been too ill to file pleadings that she falsely represented were ready to file; by representing to the office of the clerk of circuit court that she was in possession of papers necessary to complete her deficient certiorari filing; and by generally exhibiting a pattern of dishonesty, deceit or misrepresentation throughout her

---

[12] SCR 20:1.4(b) provides: "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[13] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

13

representation of M.T., Attorney Smith violated SCR 20:8.4(c).[14]

- By failing to answer questions and furnish documents and information requested by the OLR in the course of its investigation and by failing to respond to an OLR letter requesting a response to a supplemental grievance filed by M.T., Attorney Smith violated SCR 22.03(2),[15] SCR 22.03(6),[16] and SCR 20:8.4(h).[17]

---

[14] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[15] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[16] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[17] SCR 20:8.4(h) says it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

- By misrepresenting to the OLR that she was unable to file a petition for writ of certiorari for M.T. from March to May 2010 due to illness, and by falsely representing that the petition documents she provided to the OLR had been ready to file in March 2010, Attorney Smith violated SCR 22.03(6) and SCR 20:8.4(h).

D.D. Matter (Counts 18 through 22)

¶27 In 2008 the SPD appointed Attorney Smith to represent D.D. with respect to appellate and postconviction matters in three cases involving felony operating while intoxicated charges in Milwaukee County. D.D. pled guilty in each case.

¶28 Prior to Attorney Smith's representation of D.D., the court of appeals had granted D.D.'s pro se request for an extension of time to file a notice of intent to pursue postconviction relief in all three cases. Attorney Smith began her representation of D.D. after the expiration of that deadline.

¶29 Over the next eight months, Attorney Smith made little effort to pursue substantive relief on D.D.'s behalf. However, she deliberately gave D.D. the impression that she had filed or would file pleadings on his behalf. She failed to keep D.D. adequately informed about the status of his matters, including explaining failures to file and delays on her part. Attorney Smith also made false claims to the circuit court that she had previously prepared and submitted motions on D.D.'s behalf.

¶30 Attorney Smith's time slips to the SPD for her work on D.D.'s case include entries for "Draft motion to modify

15

sentence" and "Finalize motion and file." However, Attorney Smith never filed a motion to modify sentence with the circuit court during the time period covered by the time slips in question. Attorney Smith's claimed time in the above entries totaled 2.8 hours, and she was paid $112 by the SPD as a result of these entries.

¶31 Attorney Smith eventually prepared a motion to modify sentence and a motion for postconviction relief, both of which the circuit court rejected. The circuit court instructed Attorney Smith to prepare an order denying postconviction relief. She failed to do so.

¶32 In December 2009, after receiving a pro se complaint from D.D. about Attorney Smith, the court of appeals directed Attorney Smith, under threat of sanctions, to answer various questions concerning her representation of D.D. In her responses, Attorney Smith informed the court of appeals that she had allowed appellate deadlines to lapse because she had been suffering from headaches and flu-like symptoms.

¶33 In January 2010 the SPD filed a report with the court of appeals advising the court that Attorney Smith had agreed to remove herself from the list of attorneys certified to take SPD appointments, and thus, she could no longer represent D.D. The court of appeals ordered Attorney Smith discharged from representing D.D. and ordered the SPD to appoint new counsel.

¶34 Attorney Smith showed an inadequate level of cooperation and honesty during the OLR's investigation of her representation of D.D. Attorney Smith told the OLR that she had

16

motions prepared to file on D.D.'s behalf by a particular point in time, but her billing records showed otherwise. Attorney Smith also failed to provide the OLR with a timely response to its requests for copies of her billing records in the D.D. matter, for details of her work, for copies of all motions she claimed to have filed, and for an explanation for the billing discrepancy described above.

¶35 Based on these facts, the referee determined that the following misconduct occurred:

- By allowing appellate deadlines to lapse and by her general inattention to D.D.'s interests, Attorney Smith violated SCR 20:1.3.

- By failing to prepare an order denying postconviction relief consistent with the directive of the circuit court, Attorney Smith violated SCR 20:3.4(c).

- By deliberately giving D.D. the impression that she would file or had filed pleadings on his behalf and then failing to keep him adequately informed about the status of his matters, including explaining failures to file and delays on her part, Attorney Smith violated SCR 20:1.4(a)(3).

- By making repeated false claims to the court that she had previously prepared and sent motions on D.D.'s behalf, Attorney Smith violated SCR 20:3.3(a)(1).[18]

_____

[18] SCR 20:3.3(a)(1) states a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . ."

17

- By falsely stating to the OLR that she had motions ready on behalf of D.D. and by failing to answer questions and provide documents requested by the OLR, Attorney Smith violated SCR 22.03(6) and SCR 20:8.4(h).

¶36 After determining that Attorney Smith had committed the misconduct in the 20 counts described above, the referee recommended a six-month suspension of Attorney Smith's law license. In support of this recommendation, the referee noted that, in both this disciplinary matter and Attorney Smith's earlier public reprimand, Attorney Smith displayed a tendency toward failing to communicate appropriately with her clients and offering dubious excuses for her substandard and untimely work. The referee expressed serious concerns about Attorney Smith's law firm management and client advocacy skills. The referee determined that Attorney Smith's medical issues provided an explanation for some, but not all, of Attorney Smith's difficulties in providing effective counsel. The referee determined that many of the unfavorable facts of Attorney Smith's conduct showed that, for reasons independent of her medical issues, Attorney Smith was dilatory in her case management and in meeting her duties to her clients.

¶37 As to the appropriate monetary sanctions, the referee recommended that Attorney Smith should be assessed the entire costs of the disciplinary proceeding, which total $13,959.26 as of July 9, 2013. The referee further recommended that Attorney Smith should be required to make restitution to the SPD in the

amount of $112, the amount of the billing discrepancy in the D.D. case.

¶38 Attorney Smith appeals. The level of discipline and the amount of awardable costs are the only disputes. Turning first to the level of discipline, Attorney Smith argues that the recommended six-month suspension does not sufficiently take into account various mitigating factors, which include her allegation that both she and her husband had significant health issues during the time period in question, her expression of remorse for her conduct, her recent efforts to improve her law practice management and organization, and her history of serving low-income clients. Attorney Smith also argues that although she has been publicly reprimanded once before, moving from a public reprimand directly to a six-month suspension would be unreasonably harsh.

¶39 The OLR argues that a six-month suspension is appropriate. It argues that the record discloses few, if any, legitimate mitigating factors. It claims that suspensions are frequently predicated on misconduct like that at issue here; i.e., misconduct that spans multiple clients, incorporates multiple counts of professional wrongdoing, and shows patterns of unprofessional behavior. The OLR also points out that this court has issued substantial suspensions even when the lawyer at issue does not have a lengthy disciplinary history. See e.g., In re Disciplinary Proceedings Against DeGracie, 2004 WI 44, 270 Wis. 2d 640, 678 N.W.2d 252 (eight-month suspension for six

counts of misconduct where attorney had no previous disciplinary history).

¶40 We conclude that the referee's findings of fact are not clearly erroneous. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. Although Attorney Smith argues that the referee failed to give adequate weight to her testimony as to the extent of her medical issues during the period in question, the referee implicitly weighed the credibility of Attorney Smith's testimony in this regard when the referee decided that some portion of her misconduct was related to her medical issues. We will not reassess Attorney Smith's credibility. See id. We also agree with the referee that the facts of record demonstrate that Attorney Smith committed each of the 20 counts of professional misconduct as determined by the referee.

¶41 With respect to the discipline to be imposed, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686. After careful consideration of the report and recommendation, the record in this matter, and the written statements of the parties, we accept the referee's recommendation regarding suspension.

¶42 Although there are both mitigating and aggravating factors to consider in weighing the seriousness of Attorney Smith's misconduct, the balance does not tip in Attorney Smith's

20

favor. Weighing in Attorney Smith's favor are the facts that she did not operate with a malicious intent, she did not benefit personally from her misconduct, and, according to the referee, she experienced medical problems during the period in question that can explain some portion of her misconduct. Also weighing in Attorney Smith's favor is the fact that she has expressed remorse for her behavior. Weighing more heavily against Attorney Smith are the facts that both this case and her previous disciplinary case show a troubling pattern of poor bookkeeping, office mismanagement, inadequate communication with clients, and insufficient concern for her clients' reasonable needs. Attorney Smith also has displayed a pattern of excuse-making, blame-shifting, and obfuscation which suggests that these types of transgressions could happen again.

¶43 In light of the circumstances presented, we are persuaded that the referee's reasoning is sound and that a six-month license suspension is necessary to advance the objectives of lawyer discipline. A six-month suspension will require Attorney Smith to petition this court for reinstatement under SCR 22.28(3). Doing so will require her to demonstrate to this court, before she resumes practice, that she has made efforts to remedy the causes of her repeated failures to serve her clients.

¶44 We further conclude that full costs in the amount of $13,956.26 are to be imposed on Attorney Smith. Attorney Smith does not argue that there are extraordinary circumstances here that would justify a departure from the court's standard practice of imposing full costs against the respondent attorney.

21

See SCR 22.24(1m). Attorney Smith argues instead that the amount of costs to be imposed against her will impose a significant hardship given her current financial status. We will not adjust the amount of costs imposed against Attorney Smith based on a claim of lack of assets at this time. Attorney Smith's allegations of financial hardship are an appropriate consideration for establishment of a payment plan with the OLR; assigning greater significance to them at this point would be premature.

¶45 We further agree with the referee's recommendation that Attorney Smith make a restitution payment to the SPD in the amount of $112. Attorney Smith does not dispute the referee's restitution recommendation, and we award restitution accordingly.

¶46 IT IS ORDERED that the license of Suzanne M. Smith to practice law in Wisconsin is suspended for a period of six months, effective January 16, 2014.

¶47 IT IS FURTHER ORDERED that Suzanne M. Smith shall pay restitution in the amount of $112 to the Office of the State Public Defender, within 30 days of the date of this order.

¶48 IT IS FURTHER ORDERED that Suzanne M. Smith shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶49 IT IS FURTHER ORDERED that within 60 days of the date of this order, Suzanne M. Smith shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶50  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶51  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement.  <u>See</u> SCR 22.29(4)(c).