# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2366-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Raymond M. Clark, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Raymond M. Clark, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CLARK

| | |
|---|---|
| OPINION FILED: | May 17, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP2366-D

STATE OF WISCONSIN                :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Raymond M. Clark, Attorney at Law:**


**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Raymond M. Clark,**

      **Respondent.**

**FILED**

**MAY 17, 2016**

Diane M. Fremgen
Clerk of Supreme Court


ATTORNEY disciplinary proceeding.   *Attorney's license suspended.*


¶1   PER CURIAM.   We review the report and recommendation of Referee Hannah C. Dugan that the license of Raymond M. Clark be suspended for 120 days for professional misconduct.   The referee also recommends that Attorney Clark pay the full costs of the proceeding, which are $16,192.21 as of March 29, 2016, and that he be required to take six continuing legal education

credits in trust account management, to be approved by the Office of Lawyer Regulation (OLR).

¶2 After careful review of this matter, we adopt the referee's findings of fact and conclusions of law. We agree that a four-month suspension of Attorney Clark's license is an appropriate sanction for his misconduct. We also agree that the full costs of the proceeding should be assessed against Attorney Clark, and we further agree that Attorney Clark should be required to obtain six continuing legal education credits in trust account management.

¶3 Attorney Clark was admitted to practice law in Wisconsin in 1959. The most recent address furnished by Attorney Clark to the State Bar of Wisconsin is in Menomonee Falls, Wisconsin. Attorney Clark has no prior disciplinary history.

¶4 On October 9, 2014, the OLR filed a complaint alleging that Attorney Clark had engaged in ten counts of misconduct. Attorney Clark filed an answer to the complaint on November 17, 2014. The referee was appointed on December 17, 2014.

¶5 An evidentiary hearing was held before the referee on March 5, 2015. At the hearing, the parties presented a signed stipulation, dated March 2, 2015. As part of the stipulation, Attorney Clark admitted five counts of the complaint and entered no contest pleas to four counts. During the course of the evidentiary hearing, the OLR made a motion to dismiss count ten of the complaint. In the stipulation, Attorney Clark agreed that the referee may use the allegations of the complaint as an

adequate factual basis in the record for a determination of misconduct as set forth in counts one through nine of the complaint.

¶6 Counts one through five of the OLR's complaint arose out of Attorney Clark's representation of T.C. in Milwaukee County divorce proceedings. The complaint alleged that in March of 2008, the Milwaukee County circuit court entered findings of fact, conclusions of law, and a final judgment in the divorce, which incorporated by reference all of the terms of a Marital Settlement Agreement (MSA) signed by T.C. and her husband, J.C. The MSA listed the marital debts and stated that the parties were equally liable for their payment. The MSA provided that T.C.'s share of a retirement account would be forwarded to Attorney Clark and that Attorney Clark "shall withhold said monies in order to satisfy petitioner's [T.C's] financial responsibilities per the Marital Settlement Agreement. After petitioner's financial responsibilities have been satisfied in full, petitioner shall receive the remaining balance."

¶7 In August 2008, Attorney Clark received T.C.'s share of the retirement account, totaling $9,341.84. He deposited that amount into his IOLTA trust account. Between August 13, 2008 and September 26, 2008, Attorney Clark disbursed various checks from his trust account to himself, including $1,710 of the funds on deposit for T.C. On September 26, 2008, Attorney Clark made a cash withdrawal in the amount of $1,000 from the funds in his trust account attributable to his representation of T.C.

3

¶8  Although Attorney Clark told T.C. that he was working on negotiating several of the debts, as of January 26, 2009, he had not paid any of the creditors T.C. was obligated to pay pursuant to the MSA.

¶9  Between January 30, 2009 and March 5, 2009, Attorney Clark disbursed another $1,850 of the retirement funds to himself.  He also disbursed $300 of the funds to his client.  He did not discuss the disbursements with opposing counsel, seek a modification of the MSA, or seek the court's authorization for the disbursements.

¶10  In May 2009, J.C.'s counsel filed a motion for an order to show cause due to T.C.'s failure to timely pay her portion of the marital debts.  Attorney Clark filed a cross motion asserting that J.C. had failed to comply with the law concerning financial disclosures, disputing that J.C. had paid his share of the debts, and asserting that J.C. had interfered with IRS refunds.  As of June 1, 2009, at least five debts to be paid by T.C., totaling $833.15, remained unpaid, but by this time Attorney Clark was holding insufficient funds in trust for T.C. to pay those debts.

¶11  At a June 19, 2009 hearing, a Milwaukee County court commissioner held that she had no authority other than to enforce the MSA.  The commissioner ordered T.C. to pay her share of the marital debt and ordered that "any monies in trust [] be used for outstanding bills forthwith."  At the hearing, Attorney Clark failed to advise the court that he had already disbursed $4,360 of the retirement funds to himself and failed to advise

4

that he had made other disbursements and that only $59.73 of the retirement funds remained in his trust account.

¶12  On July 14, 2009, Attorney Clark disbursed $600 to himself, exhausting the remaining retirement funds being held in trust for T.C. and disbursing funds that belonged to T.C. or others.  On August 13, 2009, Attorney Clark disbursed $50 from his trust account to T.C.  By that date, Attorney Clark was no longer holding any funds in his trust account attributable to T.C.  In February 2010, Attorney Clark deposited $1,846.05 in his trust account and identified the deposit as "return of fees" related to his representation of T.C.

¶13  The OLR's complaint alleged the following counts of misconduct with respect to Attorney Clark's representation of T.C.:

> [Count One]  By failing to take reasonable steps to advance [T.C.'s] interests in having her marital debts paid in a timely fashion, [Attorney] Clark failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1]
>
> [Count Two]  By making a cash withdrawal from the funds he held in trust relating to his representation of [T.C.], [Attorney] Clark made a prohibited transaction by making a disbursement of cash from his trust account from funds held in trust for a client in violation of SCR 20:1.5(e)(4)a.[2]

---

[1] SCR 20:1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:l.15(e)(4)a provides: "No disbursement of cash shall be made from a trust account or from a deposit to a trust account, and no check shall be made payable to "Cash."

[Count Three]   By failing to hold in trust the $1,341.84 entrusted to him for the payment of [T.C.'s] share of the marital debts as required under the Marital Settlement Agreement and by disbursing funds related to his representation of [T.C.] in excess of the funds he held in trust related to her case, [Attorney] Clark failed to hold in trust, separate from his own property, the property of his client and 3rd parties held in [Attorney] Clark's possession in connection with his representation of a client, in violation of SCR 20:1.15(b)(1).[3]

[Count Four]   By failing to hold $9,341.84 in trust for the payment of [T.C.'s] share of the marital debts as part of the Marital Settlement Agreement as ordered by the court on March 14, 2008; and by failing to hold the remaining $59.73 in trust for the payment of [T.C.'s] share of the marital debts as ordered by the court on June 19, 2009, [Attorney] Clark knowingly disobeyed an obligation under the rules of a tribunal, in violation of SCR 20:3.4(c).[4]

[Count Five]   By disbursing to himself $4,960 of the $9,341.84 entrusted to him for the payment of [T.C.'s] share of the marital debts, without obtaining the prior authorization of the court or opposing counsel to do so, [Attorney] Clark engaged in professional

---

[3] 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[4] SCR 20:3.4(c) provides:   "A lawyer shall not: . . . . knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

misconduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[5]

¶14 Counts six through nine in the OLR's complaint arose out of the OLR's investigation and audit of Attorney Clark's trust account. Those counts alleged:

[Count Six] By engaging in a course of conduct to protect or hide income and assets from the Wisconsin Department of Revenue and/or the Internal Revenue Service, including by depositing earned fees and funds belonging to [Attorney] Clark and/or the Law Offices of Raymond M. Clark in his client trust account, [Attorney] Clark placed and retained funds in his trust account that did not reasonably relate to monthly service charges, in violation of SCR 20:1.15(b)(3).[6]

[Count Seven] By engaging in a course of conduct to protect or hide income and assets from the Wisconsin Department of Revenue and/or the Internal Revenue Service, including by depositing earned fees and funds belonging to [Attorney] Clark and/or the Law Offices of Raymond M. Clark in his client trust account, [Attorney] Clark placed and retained funds in his trust account that did not reasonably relate to monthly service charges, in violation of SCR 20:8.4(c).

[Count Eight] By taking cash withdrawals from his client trust account, taking cash from his deposits to his client trust account, and by issuing checks payable to cash from his client trust account, [Attorney] Clark made prohibited transactions from his

---

[5] 20:8.4(c) provides: "It is professional misconduct for a lawyer to: . . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] SCR 20:1:15(b)(3) provides: "No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

client trust account and from deposits to his client trust account, in violation of SCR 20:1.15(e)(4)a.

[Count Nine] By disbursing funds from his client trust account in excess of the amount he was then holding in trust for specified client matters, [Attorney] Clark disbursed funds from an IOLTA account and created a negative balance with respect to individual clients or matters, in violation of SCR 20:1.15(f)(1)b.[7]

¶15 Count ten of the OLR's complaint alleged that by making misrepresentations to the OLR about the purpose and intent of his course of conduct that included depositing earned fees and funds belonging to Attorney Clark and/or his law office into his trust account, Attorney Clark wilfully failed to provide relevant information, failed to answer questions fully, or to furnish documents to OLR, in violation of SCR 22.03(6)[8] and SCR 20:8.4(h).[9]

¶16 The referee granted the OLR's motion to dismiss count ten of the complaint. In her report and recommendation, the

---

[7] SCR 20:1.15(f)(1)b provides, in part: . . . . A lawyer shall not disburse funds from an IOLTA account or any pooled trust account that would create a negative balance with respect to any individual client or matter.

[8] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[9] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

referee also concluded that, in spite of the fact that Attorney Clark had entered a plea of no contest to count five, the OLR had failed to meet its burden of proof with respect to count five. The referee said that count five included obligations that were not included in the divorce court's orders related to T.C.'s family law case and the MSA. The referee said during the evidentiary hearing, neither party could establish that the court ordered deposits and disbursals of funds required that Attorney Clark obtain the prior authorization of the court or opposing counsel or that he be required to return to the tribunal to obtain authorization to disburse the funds. For these reasons, the referee concluded that OLR failed to meet its burden of proof with respect to establishing that prior authorization needed to be obtained as pled in count five. The referee found that the OLR did meet its burden of proof with respect to the other eight counts of misconduct alleged in the complaint.

¶17 Turning to the appropriate level of discipline, the referee noted that the complaint sought a 15-month suspension of Attorney Clark's license. The referee noted that in the stipulation, Attorney Clark did not contest and stipulated to OLR's request for a 15-month suspension. Nevertheless, the referee concluded that a 15-month suspension was too harsh a sanction. The referee commented that count ten of the complaint, which the OLR ultimately moved to dismiss, contained substantial allegations constituting rule violations that, if proven, would justify an enhanced sanction. The referee reasoned that if the

9

allegations in count ten were not proven, then a reduced sanction warranted consideration.

¶18 The referee noted that Attorney Clark admitted or pled no contest to multiple counts of misconduct. She noted that during the evidentiary hearing, the OLR commented about Attorney Clark's cordiality and his cooperation and remorse. The referee also pointed out that Attorney Clark has no prior discipline and has practiced law for 56 years.

¶19 In support of her conclusion that a 120-day suspension was appropriate, the referee cited In re Disciplinary Proceedings Against Smith, 2013 WI 98, 351 Wis. 2d 368, 841 N.W.2d 278 and In re Disciplinary Proceedings Against Thibodeau, 2007 WI 118, 305 Wis. 2d 121, 738 N.W.2d 558. Attorney Thibodeau received a 60-day suspension for multiple counts of misconduct that included holding personal funds in his trust account in order to avoid the seizure of those funds by tax authorities; failing to hold in trust, separate from his own property, property of clients and third persons; and failing to comply with recordkeeping requirements. The referee noted that, like Attorney Clark, Attorney Thibodeau had not been disciplined previously, had entered into a stipulation to resolve the matter, and had practiced for a length of time. The referee said unlike Attorney Thibodeau, Attorney Clark stipulated to two more counts involving three more supreme court rule violations. Attorney Clark also violated a court order and had almost twice as many years of law practice experience as Attorney Thibodeau.

¶20 Attorney Smith received a six-month suspension for 20 counts of misconduct that included failing to promptly deposit client and third party funds into her trust account; failing to promptly apply client and third party funds toward the payment of agreed upon taxes owed by a client and third party; failing to comply with court orders; and noncooperation with the OLR. The referee said both Attorney Clark and Attorney Smith have the aggravating factor of having practiced for a length of time. The referee said unlike Attorney Smith, Attorney Clark stipulated to 11 fewer counts of misconduct, cooperated with the OLR and other authorities, and was not required to pay restitution. Attorney Smith had previously been publicly reprimanded.

¶21 The referee ultimately concluded that a 120-day suspension of Attorney Clark's license to practice law in Wisconsin was an appropriate sanction, considering past case law, mitigating and aggravating circumstances, and the fact that Attorney Clark entered into a stipulation. The referee also recommended that Attorney Clark pay the full costs of the proceeding and that he be required to undertake six continuing legal education credits in trust account management, to be approved by the OLR.

¶22 No appeal has been filed. A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit,

regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶23 There is no showing that any of the referee's findings of fact are clearly erroneous, and we adopt them. We also agree with the referee's conclusions of law that Attorney Clark violated the supreme court rules set forth above.

¶24 Upon careful review of the matter, we agree with the referee's recommendation for a four-month suspension of Attorney Clark's license to practice law in Wisconsin. Attorney Clark has no prior disciplinary history and has expressed remorse for his actions. In addition to the Smith and Thibodeau cases cited by the referee, it appears that a four-month suspension is generally consistent with the sanction imposed in In re Disciplinary Proceedings Against Krogman, 2015 WI 113, 365 Wis. 2d 628, 872 N.W.2d 657 (attorney's license suspended for four months for misconduct including trust account violations) and In re Disciplinary Proceedings Against Tobin, 2007 WI 50, 300 Wis. 2d 250, 730 N.W.2d 896 (attorney's license suspended for four months for misconduct including trust account violations and conversions). We also agree that Attorney Clark should be required to undertake six continuing legal education credits in trust account management and that he should pay the full costs of the proceeding.

¶25 IT IS ORDERED that the license of Raymond M. Clark to practice law in Wisconsin is suspended for a period of four months, effective June 20, 2016.

¶26 IT IS FURTHER ORDERED that Raymond M. Clark shall undertake six continuing legal education credits in trust account management, to be approved by the Office of Lawyer Regulation.

¶27 IT IS FURTHER ORDERED that within 60 days of the date of this order, Raymond M. Clark shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $16,192.21.   If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Raymond M. Clark to practice law in Wisconsin shall remain suspended until further order of the court.

¶28 IT IS FURTHER ORDERED that Raymond M. Clark shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶29 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).